**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 0 2025

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KEONNA JOHNSON**                                                                 **PLAINTIFF**

**VS.**                                    NO. _4:25-cv-571-KGB_

**MUHYADIN GEDI and LOADEX LTD CO**                                 **DEFENDANTS**

### DEFENDANTS' NOTICE OF REMOVAL

TO:    The Clerk of the Eastern District of Arkansas
       Central Division
       Richard Sheppard Arnold United States Courthouse
       600 W. Capitol Avenue, Room A149
       Little Rock, Arkansas 72201

COMES NOW the Defendant, Loadex Ltd. Co., by counsel, Tracy Law, PLLC, and for its

Notice of Removal, states as follows:

1.      This action was commenced by the filing of a second Complaint in the Circuit Court

of Pulaski County, Arkansas on May 12, 2025, assigned Case No. 60CV-25-5080. A copy of that

Complaint and all pleadings currently on file with the Pulaski County Circuit Court are attached

as Exhibit "A" to the Notice of Removal.  This matter was previously filed in the Circuit Court of

Pulaski County on January 24, 2024, removed to the instant Court on February 20, 2024 as Case

No. 4:24-cv-152-JM, and dismissed by Judge Moody on August 27, 2024.

2.      Petitioner Loadex Ltd. Co. ("Loadex") is an improperly named defendant in a civil

action originally filed in the Circuit Court of Pulaski County, Arkansas. *See* Plaintiff's Complaint.

3.      At the time of the filing of Plaintiff's Complaint in state court and at the time of the

filing of Defendant's Notice of Removal, Plaintiff Keonna Johnson purports to be a resident and

citizen of the State of Arkansas.  *See* Plaintiff's Complaint, paragraph 1.

This case assigned to District Judge **Baker**
and to Magistrate Judge **Moore**

4.      At the time of the filing of Plaintiff's Complaint in state court and at the time of the filing of Defendant's Notice of Removal, Defendant is a limited liability company with its principal place of business in South Carolina. Plaintiff's Complaint identifies Separate Defendant Gedi as a resident of Minnesota.

5.      The allegations complained of in Plaintiff's Complaint appear to have occurred in the Eastern District of Arkansas, Central Division.

6.      Within thirty days before the filing of this Notice of Removal, Defendants ascertained, based upon Plaintiff's Complaint, this action is one which is removable pursuant to 28 U.S.C. §1332 and § 1441 (c). Plaintiff is a resident of Arkansas; LoadEx is a South Carolina LLC with a principal place of business in South Carolina, and Gedi is purported to be a Minnesota resident. *See* Plaintiff's Complaint, paragraphs 1-3. LoadEx has asserted it is an improper party and has filed a Motion to Dismiss and for Sanctions. Upon information and belief, the proper party is not an Arkansas corporation, which ensures ongoing diversity.

7.      The amount in controversy in this action looks to exceed $75,000.00, exclusive of interest and costs, and it involves citizens of different states. 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks damages for physical injuries; pain, suffering and mental anguish; future pain, suffering, and mental anguish; medical expenses; future medical expenses; the nature, extent, duration, and permanency of injuries; pre- and post-judgment interest; costs; attorneys' fees; and other relief. Plaintiff's "wherefore" plea for damages "prays for a judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity."

8.      This Notice of Removal is timely filed pursuant to the provisions of 28 U.S.C. § 1446, as it is filed within 30 days after attempted service on Defendant.

9.      As required by 28 U.S.C. § 1446(a), copies of all pleadings and orders filed or served upon Petitioners as Defendant in the state action are attached hereto, marked as Exhibit A and made a part hereof.

10.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of Pulaski County, Arkansas.

11.     Defendant adopts and incorporates, and does not waive, its Motion to Dismiss, for Sanctions, and Alternative Answer herein.

WHEREFORE, Defendant LoadEx Ltd. Co., by counsel, hereby removes this case from the Circuit Court of Pulaski County, Arkansas to this court for determination and trial.

DATED this 10th day of June, 2025.

Respectfully submitted,

**TRACY LAW PLLC**
918 W. 6th Street
Little Rock, Arkansas 72201
501.712.5899
amytracy@tracypllc.com

By: _____
AMY L. TRACY, ABN 2010122

## <u>CERTIFICATE OF SERVICE</u>

I state that on this 10th day of June, 2025, a true and correct copy of the foregoing leading was served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Lee D. Curry
**DASPIT LAW FIRM, PLLC**
124 W. Capitol Avenue, Suite 1820
Little Rock, Arkansas 72201
lcurry@daspitlaw.com
e-service@daspitlaw.com


AMY L. TRACY

# EXHIBIT A

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-May-12  15:29:20
60CV-25-5080
C06D14 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**KEONNA JOHNSON**                                                           **PLAINTIFF**

**V.**                                    **CASE NO. 60CV-25-_____**

**MUHYADIN GEDI AND**
**LOADEX LTD CO**                                                        **DEFENDANTS**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Keonna Johnson, by and through her attorneys at DASPIT LAW

FIRM, PLLC, and for her cause of action against the Defendants, Muhyadin Gedi and LoadEx Ltd

Co, alleges and states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff Keonna Johnson is, and at all times relevant to this action was, a resident

of Little Rock, Pulaski County, Arkansas.

2.      Upon information and belief, Defendant Muhyadin Gedi (hereinafter "Defendant

Gedi"), is, and at all times relevant to this action was, a resident of Saint Cloud, Stearns County,

Minnesota. Defendant Gedi may be served at his residence of 1925 Quarry Rd. Apt 207, Saint

Cloud, Minnesota 56301, or wherever found.

3.      Upon information and belief, Defendant LoadEx Ltd Co (hereinafter "Defendant

Loadex"), is a transportation company authorized to do business in the State of Arkansas.

Defendant Loadex may be served with process through its registered agent Arkansas Corporation

Services, Inc. at 1295 Jeremy Rd., Hensley, Arkansas 72065, or wherever found.

4.      The automobile wreck giving rise to this cause of action occurred in North Little Rock, Pulaski County, Arkansas.

5.      This Court has jurisdiction over the parties and the subject matter herein, and that this Court is the proper venue for this cause of action.

## FACTS COMMON TO ALL COUNTS

6.      On or about November 21, 2023, at 11:00 A.M., Plaintiff was operating a 2019 Nissan Pathfinder traveling southbound on SH 391 in North Little Rock, Arkansas.

7.      At the same time and place, Defendant Gedi was operating a 2022 Cascadia 126 Freightliner owned by Defendant LoadEx and was also traveling southbound on SH 391 in North Little Rock Arkansas.

8.      Defendant Gedi merged into the turn lane without using turn signals. Plaintiff had to perform evasive maneuvers in order to not collide with Defendant Gedi. Plaintiff then turned back into the turn lane when she believed it was safe. Upon entering the turn lane Defendant Gedi struck the back of her vehicle.

9.      At all times relevant to this Complaint, Defendant Gedi was acting within the scope of his agency and employment, and under the control of, Defendant LoadEx.

## COUNT I – NEGLIGENCE

10.      Plaintiff incorporates each and every foregoing paragraph as if set forth herein, word-for-word.

11.      At the time of the collision, Defendant Gedi was negligent in the following respects:

   a.   Failed to keep a proper lookout on the roadway;

   b.   Failed to keep his vehicle under reasonable control;

   c.   Failed to yield the right of way to the Plaintiff's vehicle; and

    d.  Generally failed to act as a reasonably careful and prudent person would act under the circumstances.

## <u>COUNT II – RESPONDEAT SUPERIOR</u>

12.    Plaintiff incorporates each and every foregoing paragraph as if set forth herein, word-for-word.

13.    Defendant Gedi was driving a vehicle owned by Defendant LoadEx at all times material hereto, and Defendant Gedi was acting within the scope of his agency and employment, and under the control of, Defendant LoadEx. As such, Defendant Loadex, is vicariously liable for Defendant Gedi's negligent acts and omissions under the doctrine of *respondeat superior*. Plaintiff further pleads Defendant Loadex was negligent and/or negligent per se for one or more of the following reasons:

    a.  Negligently entrusted a motor vehicle to an incompetent driver;

    b.  Negligently hired and/or retained employees;

    c.  Negligently trained and/or supervised employees;

    d.  Violated applicable, local, state and federal laws and/or regulations;

    e.  Other acts so deemed negligent.

## <u>DAMAGES</u>

14.    As a direct and proximate result of the Defendant's negligence Plaintiff suffered physical injuries throughout her body.

15.    As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

16.    As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses which amounts includes transportation expenses necessarily incurred in securing such care and is likely to incur medical expenses in the future.

17.    As a result of the conduct of the Defendants, the Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

**18.    PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Keonna Johnson, prays for judgment over and against Defendants in an amount that that exceeds the requirements for jurisdiction in federal court based on diversity; for pre-judgment and post-judgment interest at the maximum legal rate provided by law; for her costs and attorney's fees; and all other relief to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By:

Lee D. Curry          Ark. Bar No. 2014153
lcurry@daspitlaw.com

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

KEONNA JOHNSON                                              **PLAINTIFF**

v.                              No. _____

MUHYADIN GEDI AND                                          **DEFENDANTS**
LOADEX LTD CO

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

LoadEx Ltd Co
c/o Arkansas Corporation Services, Inc.
1295 Jeremy Rd
Hensley, AR 72065

_____

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: **Daspit Law Firm, 124 W. Capitol Ave., Suite # 1820, Little
Rock, AR 72201**

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

                                        CLERK OF COURT

Address of Clerk's Office             _____
Pulaski County Circuit Clerk          [Signature of Clerk or Deputy Clerk]
401 W Markham St, Ste 100
Little Rock, AR 72201
                                      Date: _____

[SEAL]

**No. _ This summons is for LoadEx Ltd Co.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/ she refused to receive it when I offered it to him/ her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ O n_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:
My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

      [signature of server]

_____

      [printed name, title, and badge number]

      **To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

      [signature of server]

_____

      [printed name]

Address: _____

      Phone: _____

Subscribed and sworn to before me this date: _____

      Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____



**Case Title:**    KEONNA JOHNSON V MUHYADIN GEDI ET AL

**Case Number:**    60CV-25-5080

**Type:**    SUMMONS - FILER PREPARED

So Ordered

_Timothy S. Bryant_

Timothy Bryant

Electronically signed by TLBRYANT on 2025-05-13    page 4 of 4

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

KEONNA JOHNSON                                                    PLAINTIFF

v.                               No. _____

MUHYADIN GEDI AND                                               DEFENDANTS
LOADEX LTD CO

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Muhyadin Gedi
1925 Quarry Rd, Apt 207
Saint Cloud, MN 56301
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:  **Daspit Law Firm, 124 W. Capitol Ave., Suite # 1820, Little Rock, AR  72201**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included: _____**

CLERK OF COURT

Address of Clerk's Office
Pulaski County Circuit Clerk          _____
401 W Markham St, Ste 100             [Signature of Clerk or Deputy Clerk]
Little Rock, AR  72201

                                     Date: _____

[SEAL]

**No. _ This summons is for Muhyadin Gedi.**

## PROOF OF SERVICE

□ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

□ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/ she refused to receive it when I offered it to him/ her; or

□ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

□ O n_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

□ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or

□ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

□ Other [specify]:

□ I was unable to execute service because:
My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

     [signature of server]

_____

     [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

     [signature of server]

_____

     [printed name]

Address: _____

     Phone: _____

Subscribed and sworn to before me this date: _____

     Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____



**Case Title:**       KEONNA JOHNSON V MUHYADIN GEDI ET AL

**Case Number:**    60CV-25-5080

**Type:**             SUMMONS - FILER PREPARED


So Ordered

_Timothy S. Bryant_ (signature)

_____

Timothy Bryant


Electronically signed by TLBRYANT on 2025-05-13    page 4 of 4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Jun-09 17:37:28
60CV-25-5080
C06D14 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**KEONNA JOHNSON**                                                **PLAINTIFF**

**VS.**                            **NO. 60CV-25-5080**

**MUHYADIN GEDI and LOADEX LTD CO**                      **DEFENDANTS**

## <u>MOTION TO DISMISS AND FOR SANCTIONS</u>

COMES the Separate Defendant Loadex Ltd. Co., by counsel, Tracy Law, PLLC, and for its Motion to Dismiss and for Sanctions pursuant to Ark. R. Civ. P. 10 and 11, states as follows:

1.      Plaintiff originally filed suit in this action on January 24, 2024 in the Circuit Court of Pulaski County, Arkansas as Case No. 60CV-24-641, by Daspit Law Firm, PLLC and attorney Jennifer Reali, Arkansas Bar No. 2020241.

2.      The original action is identical to the instant matter in form and content.  It alleges the same claims against the same Defendants.  The instant matter is distinguished only by revisions to the spelling of Mr. Gedi's name throughout the body, minimal clerical editing, and minor language modifications, such as the addition of paragraph 18 (jury trial demand), the establishment of damages exceeding federal jurisdiction (wherefore plea for damages), and the reference that Defendant Gedi was acting within the scope of his agency and employment and under the control of Defendant LoadEx in paragraph 13 (versus the previously pled "operating the vehicle in the course and scope of his employment with Defendant Loadex"). The instant matter was also filed by Daspit Law, though by attorney Lee Curry, Arkansas Bar No. 2014153.

3.      The procedural aspects of the original action are straightforward.  Once the original Complaint was filed and service was attempted, Defendant Loadex filed its Answer on February 20, 2024 and removed to federal court. A notice was filed in State Court pursuant to law.  Once

pending in the federal jurisdiction as *Johnson v. Gedi et al*, Case No. 4:24-cv-00152 in the Eastern District of Arkansas, discovery proceeded.  Both parties propounded discovery.

4.    Defendant timely responded to discovery propounded by Plaintiff.   Defendant provided sworn and verified responses detailing following:

- Defendant has no relationship with Defendant Gedi.

- Individuals with knowledge of the facts included Novatranz Inc., 4126 Linden Ave., Suite 203, Dayton OH 45432

- Production of a lease agreement with Novatranz Inc.

- Describing the tender of a tractor to Novatranz Inc. pursuant to the lease agreement produced.

- Defendant Gedi was not an employee of Loadex

- Defendant was an improper party to the action

- Repeatedly referencing the lease agreement with Novatranz Inc.

- Producing dashcam footage

5.    Defendant's Answer in the original action additionally denied it was a proper party and admitted only its ownership of a 2022 Freightliner Cascadia 126.  Defendant affirmatively asserted Plaintiff's failure to join a proper party.  Defendant made it clear it had no causal link to the allegations in Plaintiff's Complaint.  It did not employ the driver, it did not operate the equipment, it did not supply operating authority. It only owned the equipment that was leased to an entirely separate entity.

6.    In the original action, Plaintiff failed to respond to discovery.  As a result, Defendant filed a Motion to Compel on July 8, 2024.  The federal court granted Defendant's Motion to Compel on July 23, 2024, ordering Plaintiff to fully respond to Interrogatories and

2

Requests for Production of Documents propounded in April.  The Order admonished that failure to do so would result in dismissal without prejudice pursuant to Rule 37(b).

4.      When Plaintiff did not comply with the Court's Order, Defendant filed a Motion to Dismiss.  The Court dismissed the case without prejudice on August 27, 2024 as to all defendants, Gedi and Loadex Ltd. Co. A judgment issued by the Court followed.  Most interesting, attorney Lee Curry of Daspit Law (the same attorney that filed suit in the instant matter) was counsel of record with the federal court.

5.      The Complaint in the instant matter is in violation of Ark. R. Civ. P. 10 and 11 and must be dismissed. There is no claim or cause of action against Defendant Loadex Ltd. Co. Continuing to prolong litigation prejudices Defendant by incurring additional costs and protracted involvement in unnecessary litigation where the proper party has been identified and provided to the Plaintiff.  Plaintiff has documented proof of the proper party to be named in this suit, yet has wholly disregarded it and has instead filed against Defendants.

6.      Despite the signature of Plaintiff's counsel on the pleading, the factual contentions as alleged do not have evidentiary support.  Ark. R. Civ. P. 11(b)(3).  The attorney signing the Complaint in the instant matter was an attorney of record in the original action , was aware of the prior proceeding, made modifications to the Complaint before filing here, yet disregarded and failed to include relevant parties and information from discovery in the prior case.

7.      Plaintiff has needlessly increased the cost of litigation, unduly burdened Defendant, and failed to file suit against the proper party, despite having the very information needed to do so from the initial litigation.  Further, despite revising the Complaint to include damages in excess of those for federal court jurisdiction and being counsel of record with access to all prior case files, Plaintiff has refiled in state court, requiring Plaintiff to pay for removal a second time to secure

3

proper jurisdiction.   Removal fees are currently $402.00 in the Eastern District of Arkansas. Defendant must also file additional pleadings and defend against Plaintiff's lack of attention to detail.

8.      Based on the foregoing and pursuant to Ark. R. Civ. P. 10 and 11(c), Defendant respectfully requests Plaintiff's Complaint be dismissed and for payment of a reasonable feel for the filing of this pleading and any federal filing fee.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint be dismissed, and for all other good and proper relief.

## ALTERNATIVE ANSWER

COMES now Separate Defendant Loadex, Ltd. Co., by counsel, Tracy Law, PLLC, and without waiving its *Motion to Dismiss and for Sanctions*, and pleading in the alternative, for its *Alternative Answer to Plaintiff's Complaint*, states as follows:

1.      Defendant is without sufficient information and knowledge to admit or deny paragraph 1 of Plaintiff's Complaint, and therefore denies.

2.      Defendant is without sufficient information and knowledge of the facts and allegations in paragraph 2 of Plaintiff's Complaint, and therefore denies.

3.      Defendant admits it is a company in the transportation industry and authorized to do business in the State of Arkansas.  Defendant is without sufficient information and knowledge to admit or deny the remaining facts and allegations in paragraph 3 of Plaintiff's Complaint, and therefore denies.

4.      Defendant is aware of a motor vehicle accident involving Plaintiff and driver Muhyadin Gedi on November 21, 2023, but denies it is a proper party to this action.

4

5.    Defendant denies paragraph 5 of Plaintiff's Complaint. Defendant denies it is a proper party to this action.

6.    Defendant is aware of a motor vehicle accident involving Plaintiff and driver Muhyadin Gedi on November 21, 2023, but denies it is a proper party to this action. Defendant is without sufficient information and knowledge of the remaining facts and allegations in paragraph 6 of Plaintiff's Complaint, and therefore denies.

7.    Defendant admits only it owned a 2022 Freightliner Cascadia 126 at all relevant times. Defendant is without sufficient information and knowledge of the remaining facts and allegations in paragraph 7 of Plaintiff's Complaint to admit or deny, and therefore denies.

8.    Defendant is without sufficient information and knowledge of the facts and allegations in paragraph 8 of Plaintiff's Complaint, and therefore denies. Defendant denies it is a proper party to this action.

9.    Defendant denies paragraph 9 of Plaintiff's Complaint. Defendant adopts and incorporates its Motion to Dismiss and for Sanctions.

10.    Defendant adopts and incorporates each and every response and affirmative defense in paragraphs 1-9 herein.

11.    Defendant denies paragraph 11, including all subparts a-d.

12.    Defendant adopts and incorporates each and every response and affirmative defenses in paragraphs 1-11 herein.

13.    Defendant admits only it owned a 2022 Freightliner Cascadia 126 at all relevant times which was leased to nonparty Novatranz. Defendant denies the remaining facts and allegations in paragraph 13, including all subparts a-c of Plaintiff's Complaint.

14.     Defendant denies paragraphs 14, 15, 16, and 17 of Plaintiff's Complaint and demands the strictest proof.

15.     Defendant joins in Plaintiff's request for trial by jury in the event it is not dismissed from this action.

16.     Defendant denies Plaintiff's "wherefore" plea for damages.

17.     Defendant denies each and every material allegation contained in Plaintiff's Complaint not herein specifically admitted.

18.     Defendant denies all allegations of negligence, liability, fault, proximate causation and damages and entitlement to relief under any theory of recovery set forth in Plaintiff's Complaint.

19.     Defendant reserves its objections to and affirmatively pleads the following defenses: lack of subject matter jurisdiction and lack of personal jurisdiction as a defense pursuant to Ark. R. Civ. P. 12(b)(1) and Ark. R. Civ. P. 12(b)(2); improper venue as a defense pursuant to Ark. R. Civ. P. 12(b)(3); failure to comply with the service requirements of Ark. R. Civ. P. 4, including failure of substantial compliance with said Rule; insufficiency of process and insufficiency of service of process as a defense pursuant to Ark. R. Civ. P. 12(b)(4) and Ark. R. Civ. P. 12(b)(5); failure to state facts upon which relief may be granted as against Defendant as a defense pursuant to Ark. R. Civ. P. 12(b)(6); and failure to join a party under Ark. R. Civ. P. 19 as a defense pursuant to Ark. R. Civ. P. 12(b)(7).

20.     Defendant affirmatively states it is an improper party to this action as it did not employ Defendant Gedi or have any connection to the events alleged in Plaintiff's Complaint. Accordingly, Plaintiff has failed to state a claim against this Defendant.

21.     Defendant affirmatively pleads Plaintiff's comparative fault and negligence.

6

22.    Defendant affirmatively pleads the applicable statute of limitations.

23.    Defendant reserves all rights available to it under the Arkansas Contribution Among Tortfeasors Act and the Arkansas Civil Justice Reform Act, Act 649 of 2003.

24.    Defendant reserves the right to accomplish discovery and plead further and reserves all objections and affirmative defenses available under Ark. R. Civ. P. 8(c) and Ark. R. Civ. P. 12(b).

25.    Defendant reserves the right to remove to federal court.

26.    Plaintiff's recovery of any alleged or potential medical expenses is limited pursuant to Ark. Code Ann. §16-64-120.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint against it be dismissed, and for all other good and proper relief.

Respectfully submitted,

**TRACY LAW PLLC**
918 W. 6th Street
Little Rock, Arkansas 72201
501.712.5899
amytracy@tracypllc.com

By: _____
AMY L. TRACY, ABN 2010122

## **CERTIFICATE OF SERVICE**

I state that on this 9th day of June, a true and correct copy of the foregoing leading was served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Lee D. Curry
**DASPIT LAW FIRM, PLLC**
124 W. Capitol Avenue, Suite 1820
Little Rock, Arkansas 72201
lcurry@daspitlaw.com
e-service@daspitlaw.com

_____
AMY L. TRACY

8

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KEONNA JOHNSON**                                                                         **PLAINTIFF**

**VS.**                                    **NO. _____**

**MUHYADIN GEDI and LOADEX LTD CO**                                    **DEFENDANTS**

**DEFENDANTS' NOTICE OF REMOVAL**

TO:    The Clerk of the Eastern District of Arkansas
       Central Division
       Richard Sheppard Arnold United States Courthouse
       600 W. Capitol Avenue, Room A149
       Little Rock, Arkansas 72201

COMES NOW the Defendant, Loadex Ltd. Co., by counsel, Tracy Law, PLLC, and for its

Notice of Removal, states as follows:

1.    This action was commenced by the filing of a second Complaint in the Circuit Court

of Pulaski County, Arkansas on May 12, 2025, assigned Case No. 60CV-25-5080. A copy of that

Complaint and all pleadings currently on file with the Pulaski County Circuit Court are attached

as Exhibit "A" to the Notice of Removal.  This matter was previously filed in the Circuit Court of

Pulaski County on January 24, 2024, removed to the instant Court on February 20, 2024 as Case

No. 4:24-cv-152-JM, and dismissed by Judge Moody on August 27, 2024.

2.    Petitioner Loadex Ltd. Co. ("Loadex") is an improperly named defendant in a civil

action originally filed in the Circuit Court of Pulaski County, Arkansas. *See* Plaintiff's Complaint.

3.    At the time of the filing of Plaintiff's Complaint in state court and at the time of the

filing of Defendant's Notice of Removal, Plaintiff Keonna Johnson purports to be a resident and

citizen of the State of Arkansas. *See* Plaintiff's Complaint, paragraph 1.

4.    At the time of the filing of Plaintiff's Complaint in state court and at the time of the filing of Defendant's Notice of Removal, Defendant is a limited liability company with its principal place of business in South Carolina.  Plaintiff's Complaint identifies Separate Defendant Gedi as a resident of Minnesota.

5.    The allegations complained of in Plaintiff's Complaint appear to have occurred in the Eastern District of Arkansas, Central Division.

6.    Within thirty days before the filing of this Notice of Removal, Defendants ascertained, based upon Plaintiff's Complaint, this action is one which is removable pursuant to 28 U.S.C. §1332 and § 1441 (c).  Plaintiff is a resident of Arkansas; LoadEx is a South Carolina LLC with a principal place of business in South Carolina, and Gedi is purported to be a Minnesota resident.  *See* Plaintiff's Complaint, paragraphs 1-3.  LoadEx has asserted it is an improper party and has filed a Motion to Dismiss and for Sanctions.  Upon information and belief, the proper party is not an Arkansas corporation, which ensures ongoing diversity.

7.    The amount in controversy in this action looks to exceed $75,000.00, exclusive of interest and costs, and it involves citizens of different states.  28 U.S.C. § 1332(a). Plaintiff's Complaint seeks damages for physical injuries; pain, suffering and mental anguish; future pain, suffering, and mental anguish; medical expenses; future medical expenses; the nature, extent, duration, and permanency of injuries; pre- and post-judgment interest; costs; attorneys' fees; and other relief.  Plaintiff's "wherefore" plea for damages "prays for a judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity."

8.    This Notice of Removal is timely filed pursuant to the provisions of 28 U.S.C. § 1446, as it is filed within 30 days after attempted service on Defendant.

9.    As required by 28 U.S.C. § 1446(a), copies of all pleadings and orders filed or served upon Petitioners as Defendant in the state action are attached hereto, marked as Exhibit A and made a part hereof.

10.    As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of Pulaski County, Arkansas.

11.    Defendant adopts and incorporates, and does not waive, its Motion to Dismiss, for Sanctions, and Alternative Answer herein.

WHEREFORE, Defendant LoadEx Ltd. Co., by counsel, hereby removes this case from the Circuit Court of Pulaski County, Arkansas to this court for determination and trial.

DATED this 10th day of June, 2025.

Respectfully submitted,

**TRACY LAW PLLC**
918 W. 6th Street
Little Rock, Arkansas 72201
501.712.5899
amytracy@tracypllc.com

By:    _____
AMY L. TRACY, ABN 2010122

**<u>CERTIFICATE OF SERVICE</u>**

I state that on this 10th day of June, 2025, a true and correct copy of the foregoing leading was served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Lee D. Curry
**DASPIT LAW FIRM, PLLC**
124 W. Capitol Avenue, Suite 1820
Little Rock, Arkansas 72201
<u>lcurry@daspitlaw.com</u>
<u>e-service@daspitlaw.com</u>

_____
AMY L. TRACY

4