Case 4:25-cv-00571-KGB   Document 2   Filed 06/10/25   Page 1 of 4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-May-12 15:29:20
60CV-25-5080
C06D14 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**KEONNA JOHNSON**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　**CASE NO. 60CV-25-_____**

**MUHYADIN GEDI AND**
**LOADEX LTD CO**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Keonna Johnson, by and through her attorneys at DASPIT LAW FIRM, PLLC, and for her cause of action against the Defendants, Muhyadin Gedi and LoadEx Ltd Co, alleges and states as follows:

### PARTIES AND JURISDICTION

1.　Plaintiff Keonna Johnson is, and at all times relevant to this action was, a resident of Little Rock, Pulaski County, Arkansas.

2.　Upon information and belief, Defendant Muhyadin Gedi (hereinafter "Defendant Gedi"), is, and at all times relevant to this action was, a resident of Saint Cloud, Stearns County, Minnesota. Defendant Gedi may be served at his residence of 1925 Quarry Rd. Apt 207, Saint Cloud, Minnesota 56301, or wherever found.

3.　Upon information and belief, Defendant LoadEx Ltd Co (hereinafter "Defendant Loadex"), is a transportation company authorized to do business in the State of Arkansas. Defendant Loadex may be served with process through its registered agent Arkansas Corporation Services, Inc. at 1295 Jeremy Rd., Hensley, Arkansas 72065, or wherever found.

4. The automobile wreck giving rise to this cause of action occurred in North Little Rock, Pulaski County, Arkansas.

5. This Court has jurisdiction over the parties and the subject matter herein, and that this Court is the proper venue for this cause of action.

## FACTS COMMON TO ALL COUNTS

6. On or about November 21, 2023, at 11:00 A.M., Plaintiff was operating a 2019 Nissan Pathfinder traveling southbound on SH 391 in North Little Rock, Arkansas.

7. At the same time and place, Defendant Gedi was operating a 2022 Cascadia 126 Freightliner owned by Defendant LoadEx and was also traveling southbound on SH 391 in North Little Rock Arkansas.

8. Defendant Gedi merged into the turn lane without using turn signals. Plaintiff had to perform evasive maneuvers in order to not collide with Defendant Gedi. Plaintiff then turned back into the turn lane when she believed it was safe. Upon entering the turn lane Defendant Gedi struck the back of her vehicle.

9. At all times relevant to this Complaint, Defendant Gedi was acting within the scope of his agency and employment, and under the control of, Defendant LoadEx.

## COUNT I – NEGLIGENCE

10. Plaintiff incorporates each and every foregoing paragraph as if set forth herein, word-for-word.

11. At the time of the collision, Defendant Gedi was negligent in the following respects:

   a. Failed to keep a proper lookout on the roadway;

   b. Failed to keep his vehicle under reasonable control;

   c. Failed to yield the right of way to the Plaintiff's vehicle; and

    d. Generally failed to act as a reasonably careful and prudent person would act under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR

12. Plaintiff incorporates each and every foregoing paragraph as if set forth herein, word-for-word.

13. Defendant Gedi was driving a vehicle owned by Defendant LoadEx at all times material hereto, and Defendant Gedi was acting within the scope of his agency and employment, and under the control of, Defendant LoadEx. As such, Defendant Loadex, is vicariously liable for Defendant Gedi's negligent acts and omissions under the doctrine of *respondeat superior*. Plaintiff further pleads Defendant Loadex was negligent and/or negligent per se for one or more of the following reasons:

    a. Negligently entrusted a motor vehicle to an incompetent driver;

    b. Negligently hired and/or retained employees;

    c. Negligently trained and/or supervised employees;

    d. Violated applicable, local, state and federal laws and/or regulations;

    e. Other acts so deemed negligent.

## DAMAGES

14. As a direct and proximate result of the Defendant's negligence Plaintiff suffered physical injuries throughout her body.

15. As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

16. As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses which amounts includes transportation expenses necessarily incurred in securing such care and is likely to incur medical expenses in the future.

17. As a result of the conduct of the Defendants, the Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

18. **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Keonna Johnson, prays for judgment over and against Defendants in an amount that that exceeds the requirements for jurisdiction in federal court based on diversity; for pre-judgment and post-judgment interest at the maximum legal rate provided by law; for her costs and attorney's fees; and all other relief to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By: _____
Lee D. Curry          Ark. Bar No. 2014153
lcurry@daspitlaw.com