ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Jun-09 17:37:28
60CV-25-5080
C06D14 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**KEONNA JOHNSON**                                                           **PLAINTIFF**

**VS.**                                       **NO. 60CV-25-5080**

**MUHYADIN GEDI and LOADEX LTD CO**                        **DEFENDANTS**

## <u>MOTION TO DISMISS AND FOR SANCTIONS</u>

COMES the Separate Defendant Loadex Ltd. Co., by counsel, Tracy Law, PLLC, and for its Motion to Dismiss and for Sanctions pursuant to Ark. R. Civ. P. 10 and 11, states as follows:

1.    Plaintiff originally filed suit in this action on January 24, 2024 in the Circuit Court of Pulaski County, Arkansas as Case No. 60CV-24-641, by Daspit Law Firm, PLLC and attorney Jennifer Reali, Arkansas Bar No. 2020241.

2.    The original action is identical to the instant matter in form and content.  It alleges the same claims against the same Defendants.  The instant matter is distinguished only by revisions to the spelling of Mr. Gedi's name throughout the body, minimal clerical editing, and minor language modifications, such as the addition of paragraph 18 (jury trial demand), the establishment of damages exceeding federal jurisdiction (wherefore plea for damages), and the reference that Defendant Gedi was acting within the scope of his agency and employment and under the control of Defendant LoadEx in paragraph 13 (versus the previously pled "operating the vehicle in the course and scope of his employment with Defendant Loadex"). The instant matter was also filed by Daspit Law, though by attorney Lee Curry, Arkansas Bar No. 2014153.

3.    The procedural aspects of the original action are straightforward.  Once the original Complaint was filed and service was attempted, Defendant Loadex filed its Answer on February 20, 2024 and removed to federal court. A notice was filed in State Court pursuant to law.  Once

pending in the federal jurisdiction as *Johnson v. Gedi et al*, Case No. 4:24-cv-00152 in the Eastern District of Arkansas, discovery proceeded.  Both parties propounded discovery.

4.    Defendant timely responded to discovery propounded by Plaintiff.  Defendant provided sworn and verified responses detailing following:

- Defendant has no relationship with Defendant Gedi.

- Individuals with knowledge of the facts included Novatranz Inc., 4126 Linden Ave., Suite 203, Dayton OH 45432

- Production of a lease agreement with Novatranz Inc.

- Describing the tender of a tractor to Novatranz Inc. pursuant to the lease agreement produced.

- Defendant Gedi was not an employee of Loadex

- Defendant was an improper party to the action

- Repeatedly referencing the lease agreement with Novatranz Inc.

- Producing dashcam footage

5.    Defendant's Answer in the original action additionally denied it was a proper party and admitted only its ownership of a 2022 Freightliner Cascadia 126.  Defendant affirmatively asserted Plaintiff's failure to join a proper party.  Defendant made it clear it had no causal link to the allegations in Plaintiff's Complaint.  It did not employ the driver, it did not operate the equipment, it did not supply operating authority. It only owned the equipment that was leased to an entirely separate entity.

6.    In the original action, Plaintiff failed to respond to discovery.  As a result, Defendant filed a Motion to Compel on July 8, 2024.  The federal court granted Defendant's Motion to Compel on July 23, 2024, ordering Plaintiff to fully respond to Interrogatories and

Requests for Production of Documents propounded in April.  The Order admonished that failure to do so would result in dismissal without prejudice pursuant to Rule 37(b).

4.    When Plaintiff did not comply with the Court's Order, Defendant filed a Motion to Dismiss.  The Court dismissed the case without prejudice on August 27, 2024 as to all defendants, Gedi and Loadex Ltd. Co.  A judgment issued by the Court followed.  Most interesting, attorney Lee Curry of Daspit Law (the same attorney that filed suit in the instant matter) was counsel of record with the federal court.

5.    The Complaint in the instant matter is in violation of Ark. R. Civ. P. 10 and 11 and must be dismissed. There is no claim or cause of action against Defendant Loadex Ltd. Co. Continuing to prolong litigation prejudices Defendant by incurring additional costs and protracted involvement in unnecessary litigation where the proper party has been identified and provided to the Plaintiff.  Plaintiff has documented proof of the proper party to be named in this suit, yet has wholly disregarded it and has instead filed against Defendants.

6.    Despite the signature of Plaintiff's counsel on the pleading, the factual contentions as alleged do not have evidentiary support.  Ark. R. Civ. P. 11(b)(3).  The attorney signing the Complaint in the instant matter was an attorney of record in the original action , was aware of the prior proceeding, made modifications to the Complaint before filing here, yet disregarded and failed to include relevant parties and information from discovery in the prior case.

7.    Plaintiff has needlessly increased the cost of litigation, unduly burdened Defendant, and failed to file suit against the proper party, despite having the very information needed to do so from the initial litigation.  Further, despite revising the Complaint to include damages in excess of those for federal court jurisdiction and being counsel of record with access to all prior case files, Plaintiff has refiled in state court, requiring Plaintiff to pay for removal a second time to secure

3

proper jurisdiction. Removal fees are currently $402.00 in the Eastern District of Arkansas.
Defendant must also file additional pleadings and defend against Plaintiff's lack of attention to
detail.

8.     Based on the foregoing and pursuant to Ark. R. Civ. P. 10 and 11(c), Defendant
respectfully requests Plaintiff's Complaint be dismissed and for payment of a reasonable feel for
the filing of this pleading and any federal filing fee.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint be dismissed, and
for all other good and proper relief.

## ALTERNATIVE ANSWER

COMES now Separate Defendant Loadex, Ltd. Co., by counsel, Tracy Law, PLLC, and
without waiving its *Motion to Dismiss and for Sanctions*, and pleading in the alternative, for its
*Alternative Answer to Plaintiff's Complaint*, states as follows:

1.     Defendant is without sufficient information and knowledge to admit or deny
paragraph 1 of Plaintiff's Complaint, and therefore denies.

2.     Defendant is without sufficient information and knowledge of the facts and
allegations in paragraph 2 of Plaintiff's Complaint, and therefore denies.

3.     Defendant admits it is a company in the transportation industry and authorized to
do business in the State of Arkansas. Defendant is without sufficient information and knowledge
to admit or deny the remaining facts and allegations in paragraph 3 of Plaintiff's Complaint, and
therefore denies.

4.     Defendant is aware of a motor vehicle accident involving Plaintiff and driver
Muhyadin Gedi on November 21, 2023, but denies it is a proper party to this action.

4

5.      Defendant denies paragraph 5 of Plaintiff's Complaint.  Defendant denies it is a proper party to this action.

6.      Defendant is aware of a motor vehicle accident involving Plaintiff and driver Muhyadin Gedi on November 21, 2023, but denies it is a proper party to this action.  Defendant is without sufficient information and knowledge of the remaining facts and allegations in paragraph 6 of Plaintiff's Complaint, and therefore denies.

7.      Defendant admits only it owned a 2022 Freightliner Cascadia 126 at all relevant times.  Defendant is without sufficient information and knowledge of the remaining facts and allegations in paragraph 7 of Plaintiff's Complaint to admit or deny, and therefore denies.

8.      Defendant is without sufficient information and knowledge of the facts and allegations in paragraph 8 of Plaintiff's Complaint, and therefore denies.  Defendant denies it is a proper party to this action.

9.      Defendant denies paragraph 9 of Plaintiff's Complaint.  Defendant adopts and incorporates its Motion to Dismiss and for Sanctions.

10.     Defendant adopts and incorporates each and every response and affirmative defense in paragraphs 1-9 herein.

11.     Defendant denies paragraph 11, including all subparts a-d.

12.     Defendant adopts and incorporates each and every response and affirmative defenses in paragraphs 1-11 herein.

13.     Defendant admits only it owned a 2022 Freightliner Cascadia 126 at all relevant times which was leased to nonparty Novatranz.  Defendant denies the remaining facts and allegations in paragraph 13, including all subparts a-c of Plaintiff's Complaint.

14.    Defendant denies paragraphs 14, 15, 16, and 17 of Plaintiff's Complaint and demands the strictest proof.

15.    Defendant joins in Plaintiff's request for trial by jury in the event it is not dismissed from this action.

16.    Defendant denies Plaintiff's "wherefore" plea for damages.

17.    Defendant denies each and every material allegation contained in Plaintiff's Complaint not herein specifically admitted.

18.    Defendant denies all allegations of negligence, liability, fault, proximate causation and damages and entitlement to relief under any theory of recovery set forth in Plaintiff's Complaint.

19.    Defendant reserves its objections to and affirmatively pleads the following defenses: lack of subject matter jurisdiction and lack of personal jurisdiction as a defense pursuant to Ark. R. Civ. P. 12(b)(1) and Ark. R. Civ. P. 12(b)(2); improper venue as a defense pursuant to Ark. R. Civ. P. 12(b)(3); failure to comply with the service requirements of Ark. R. Civ. P. 4, including failure of substantial compliance with said Rule; insufficiency of process and insufficiency of service of process as a defense pursuant to Ark. R. Civ. P. 12(b)(4) and Ark. R. Civ. P. 12(b)(5); failure to state facts upon which relief may be granted as against Defendant as a defense pursuant to Ark. R. Civ. P. 12(b)(6); and failure to join a party under Ark. R. Civ. P. 19 as a defense pursuant to Ark. R. Civ. P. 12(b)(7).

20.    Defendant affirmatively states it is an improper party to this action as it did not employ Defendant Gedi or have any connection to the events alleged in Plaintiff's Complaint. Accordingly, Plaintiff has failed to state a claim against this Defendant.

21.    Defendant affirmatively pleads Plaintiff's comparative fault and negligence.

22.    Defendant affirmatively pleads the applicable statute of limitations.

23.    Defendant reserves all rights available to it under the Arkansas Contribution Among Tortfeasors Act and the Arkansas Civil Justice Reform Act, Act 649 of 2003.

24.    Defendant reserves the right to accomplish discovery and plead further and reserves all objections and affirmative defenses available under Ark. R. Civ. P. 8(c) and Ark. R. Civ. P. 12(b).

25.    Defendant reserves the right to remove to federal court.

26.    Plaintiff's recovery of any alleged or potential medical expenses is limited pursuant to Ark. Code Ann. §16-64-120.

WHEREFORE, Defendant respectfully requests Plaintiff's Complaint against it be dismissed, and for all other good and proper relief.

Respectfully submitted,

**TRACY LAW PLLC**
918 W. 6th Street
Little Rock, Arkansas 72201
501.712.5899
amytracy@tracypllc.com

By:    _____
AMY L. TRACY, ABN 2010122

## CERTIFICATE OF SERVICE

I state that on this 9th day of June, a true and correct copy of the foregoing leading was served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Lee D. Curry
**DASPIT LAW FIRM, PLLC**
124 W. Capitol Avenue, Suite 1820
Little Rock, Arkansas 72201
lcurry@daspitlaw.com
e-service@daspitlaw.com

_____
AMY L. TRACY