IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEONNA JOHNSON                                                                                    PLAINTIFF

Vs.                                      No. 4:25-cv-571-KGB

MUHYADIN GEDI and
LOADEX LTD CO                                                                                  DEFENDANTS

## ANSWER OF DEFENDANT MUHYADIN GEDI

Comes Separate Defendant Muhyadin Gedi ("Gedi"), by and through counsel, Barber Law Firm PLLC, and for his Answer to Plaintiff's Complaint, states:

1. Gedi is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same at this time.

2. Gedi admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Gedi is without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same at this time.

4. While denying negligence for the subjection incident, Gedi admits the allegations contained in paragraph 4 Plaintiff's Complaint.

5. Gedi is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, denies the same at this time.

6. Gedi is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same at this time.

7. Gedi admits he was operating a 2022 Cascadia Freightliner southbound on Highway 391 in North Little Rock, Arkansas at the time of the subject incident. Gedi denies the remainder of the allegations contained in said paragraph and demands strict proof thereof.

8. Gedi denies the allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Gedi denies the allegations contained in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. In response to paragraph 10 of Plaintiff's Complaint, Gedi restates and realleges all denials and averments pled previously herein.

11. Gedi denies the allegations contained in paragraph 11 of Plaintiff's Complaint, including, but not limited to, all subparts contained therein and demands strict proof thereof.

12. In response to paragraph 12 of Plaintiff's Complaint, Gedi restates and realleges all denials and averments pled previously herein.

13. In response to paragraph 13 of Plaintiff's Complaint, Gedi admits that he was in the course and scope of his employment at the time of the subject incident, but denies the remainder of the allegations contained in said paragraph, including, but not limited to, all subparts contained therein and demands strict proof thereof.

14. Gedi denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Gedi denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Gedi denies the allegations contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Gedi denies the allegations contained in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. In response to paragraph 18 of Plaintiff's Complaint, while denying negligence for the subject incident, Gedi likewise demands a trial by jury on any surviving genuine issue of material fact.

19. Gedi denies all prayers and requests contained in the WHEREFORE paragraph of Plaintiff's Complaint and demands strict proof thereof.

20. Gedi denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

21. Pleading affirmatively, Gedi states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Gedi is not legally liable or responsible. Gedi affirmatively invokes the law of comparative fault both as a bar to Plaintiff's recovery and in diminution of Plaintiff's damages, if any.

22. Pleading further, Gedi states Plaintiff's Complaint fails to state facts upon which relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Arkansas and Federal Rules of Civil Procedure.

23. Pleading further, Gedi states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons or entities for whose negligence or fault Gedi is not legally liable or responsible, and that such acts constitute an intervening and superseding proximate cause relieving Gedi of any liability to Plaintiff.

24. Pleading further, Gedi states that process and service of process are insufficient, and that Plaintiff's Complaint should therefore be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Arkansas and Federal Rules of Civil Procedure.

25. Gedi affirmatively pleads each and every defense available to him pursuant to Ark. R. Civ. P. 8(c) and FRCP 8(c), including, but not limited to: accord and satisfaction; arbitration and award; comparative fault; discharge in bankruptcy; duress; estoppel; exacerbation of a pre-existing condition; exclusiveness of remedy under workman's compensation law; failure of consideration; failure to mitigate damages; fraud; illegality; injury by fellow servant; joint venture; laches; license; payment; release; res judicata; set-off; statute of frauds; statute of limitations; and waiver and any other matter constituting an avoidance or affirmative defense.

26. Pleading further, Gedi states that Plaintiff's Complaint fails to join an indispensable party in this lawsuit and should therefore be dismissed pursuant to Rule 12(b)(7) of the Arkansas and Federal Rules of Civil Procedure.

27. This Answer is being filed without the benefit of discovery, and Gedi therefore reserves the right to plead further upon discovery of additional information, including, but not limited to, an Amended Answer, Motion to Dismiss, Motion for Summary Judgment, or any other appropriate pleading.

WHEREFORE, having fully answered Defendant Muhyadin Gedi prays that Plaintiff's Complaint be dismissed with prejudice, for his costs incurred and expended herein, and for any and all other just and proper relief to which he may be entitled.

        Respectfully submitted,

        J. Carter Fairley, ABN 99068
        BARBER LAW FIRM PLLC
        One Allied Drive, Suite 1600
        Little Rock, AR 72202
        (501) 372-6175
        cfairley@barberlawfirm.com

        **ATTORNEYS FOR DEFENDANT**
        **MUHYADIN GEDI**