**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KEONNA JOHNSON**                                                                                    **PLAINTIFF**

**V.**                                               No. 4:25-cv-00571-KGB

**MUHYADIN GEDI, ET AL**                                                                        **DEFENDANTS**

**PLAINTIFF'S RESPONSE TO DEFENDANT LOADEX'S MOTION TO DISMISS
AND FOR SANCTIONS**

COMES NOW the Plaintiff, Keonna Johnson, by and through her undersigned counsel, Daspit Law Firm, and for her Response to Defendant Loadex Ltd. Co.'s Motion to Dismiss and For Sanctions pursuant to Rules 10 and 11 of the Arkansas Rules of Civil Procedure, states as follows:

1.  On June 9, 2025, at approximately 5:37 PM, Defendant Loadex Ltd. Co. (herein Defendant Loadex) submitted its Motion to Dismiss, For Sanctions, and Alternative Answer to the Pulaski County Circuit Clerk's office for filing via the eFlex electronic filing system in Pulaski County Circuit Court Case No. 60CV-25-5080.

2.  On June 10, 2025, at approximately 8:06 AM, Plaintiff received notice of the filing of Defendant Loadex's Motion to Dismiss, For Sanctions, and Alternative Answer after the circuit clerk's office approved the filing. At no point prior to June 10, 2025, did Defendant Loadex serve Plaintiff with a copy of its Motion to Dismiss, For Sanctions, and Alternative Answer, which sought, *inter alia*, an award of sanctions pursuant to Rule 11 of the Arkansas Rules of Civil Procedure.

3.  Later that same day, Defendant Loadex filed its Notice of Removal of the pending case to this Court, which expressly states that "Defendant [Loadex] adopts and incorporates, and does not waive, its Motion to Dismiss, for Sanctions, and Alternative Answer herein." R. Doc. 1 at p. 3 ¶ 11.

4. The Court should deny Defendant Loadex's Motion for failure to comply with the procedural requirements of Ark. R. Civ. P. 11(c)(5). Specifically, Defendant Loadex combined its motion for sanctions with another request, and filed its motion for sanctions with the Court on the same day that it first served Plaintiff with a copy of the motion. Both of these actions clearly violate the procedural requirements established by Ark. R. Civ. P. 11(c)(5) for .[1]

5. The plain language of Rule (11)(c)(5) is clear, unambiguous, and mandatory in what it requires. "A motion for sanctions under [Ark. R. Civ. P. 11] **shall be made separately from other motions or requests** and shall describe the specific conduct alleged to violate subdivision (b)." Ark. R. Civ. P. 11(c)(5) (emphasis supplied).[2] "**[The motion for sanctions] shall be served as provided in [Ark. R. Civ. P. 5] but shall not be filed with or presented to the court** unless, within 21 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Id.*[3] (Emphasis supplied).

6. Defendant Loadex failed to comply with the requirement that a motion for sanctions pursuant to Rule 11 be made separately from other requests, as it combined its Motion with an Alternative Answer. Moreover, while it doesn't appear that Defendant Loadex asserts any basis for dismissal of the complaint other than as a Rule 11 sanction, to the extent that it might contend it is otherwise entitled to

---

[1] Although the pending motion only references Ark. R. Civ. P. 11, it is also appropriate for this Court to look to the construction and application of Fed. R. Civ. P. 11 by federal courts as persuasive authority. The Arkansas Supreme Court has found federal court decisions interpreting Fed. R. Civ. P. 11 to be persuasive when addressing equivalent issues arising from its own Rule 11. *See Calaway v. Dickson*, 361 Ark. 346, 350-351, 206 S.W.3d 807, 810 (2005). Likewise, the Eighth Circuit has recognized that federal decisions construing Fed. R. Civ. P. 11 are persuasive when attempting to interpret or apply an equivalent state court rule. *See Caranchini v. Nationstar Mortgage, LLC*, 97 F.4th 1099, 1100 n.1 (8th Cir. 2024).

[2] *See also* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates [Fed. R. Civ. P. 11(b)].")

[3] Similarly, Fed. R. Civ. P. 11(c)(2) also states, "[t]he motion must be served under [Fed. R. Civ. P. 5], but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

dismissal on some basis independent of Rule 11, it would be equally in violation of Rule 11(c)(5) by combining a motion to dismiss with its motion for sanctions.

7. Most notably, Defendant Loadex failed to serve Plaintiff with its motion for sanctions and observe the twenty-one day safe-harbor period before filing it with the Court, thereby denying Plaintiff the opportunity to withdraw or correct the parts of its Complaint that Defendant Loadex contends violate Rule 11(b).

8. On very similar facts, the Arkansas Supreme Court previously affirmed the denial of a motion for Rule 11 sanctions where the movant violated Rule 11's safe-harbor provision, filing its motion with the court on the same day that it served said motion on the nonmoving party. *See Calaway v. Dickson*, 361 Ark. 346, 349-350, 206 S.W.3d 807, 809-810 (2005).

9. Similarly, a recent decision of the U.S. Court of Appeals for the Eighth Circuit held that the imposition of sanctions was improper where the party requesting sanctions failed to comply with Fed. R. Civ. P. 11(c)(2)'s safe harbor provision when it initiated the sanctions process. *See Caranchini v. Nationstar Mortgage, LLC*, 97 F.4th 1099, 1100 (8th Cir. 2024). In so holding, the Eighth Circuit reiterated that "[t]he safe-harbor provision is a strict procedural requirement." *Id.*, at 1103 (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)).[4]

10. Due to Defendant Loadex's failure to abide by both the separate motion requirement and the safe harbor provision of Rule 11(c)(5), its Motion to Dismiss and For Sanctions should be denied.

WHEREFORE, Plaintiff Keonna Johnson prays that Defendant Loadex Ltd. Co.'s Motion for sanctions be denied, and that it take nothing thereby; for its costs and attorney's fees; and for all other proper relief to which she may be entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

---

[4] *See also Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (reversing sanctions award because movant did not request Rule 11 sanctions in a separate motion and did not follow the twenty-one day safe harbor rule).

Respectfully submitted,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By: _____
Lee D. Curry         Ark. Bar No. 2014153
lcurry@daspitlaw.com