**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

KEONNA JOHNSON                                                                                    PLAINTIFF

VS.                                              NO. 4:25-CV-571-KGB

MUHYADIN GEDI and LOADEX LTD CO                                               DEFENDANTS

<u>**DEFENDANT'S REPLY TO MOTION TO DISMISS AND FOR SANCTIONS**</u>

  COMES the Defendant, Loadex Ltd Co., and for its Reply to its Motion to Dismiss and for Sanctions and states as follows:

  Defendant Loadex Ltd Co. filed a responsive pleading to Plaintiff's Complaint seeking dismissal and monetary sanctions as a result of Plaintiff's violation of Ark. R. Civ. P. 10 and 11. While Defendant's Motion was initially filed in state court and cited state law, it was timely removed to federal court. The basis for analysis of the requested sanctions is the same pursuant to the Federal Rules of Civil Procedure as the Arkansas Rules of Civil Procedure, which were asserted in Defendant's original pleading filed in state court. The substance of Ark. R. Civ. P. 11 is "substantially identical to FRCP 11." Ark. R. Civ. P. 11, reporter's. n. 1. Likewise, Ark. R. Civ. P. 10 is identical to Fed. R. Civ. P. 10 with minor exceptions. Ark. R. Civ. P. 10, reporter's n. 1, 2.

  Plaintiff's Response suggests Defendant's motion should be dismissed because it failed to meet procedural requirements of Ark. R. Civ. P. 11(c)(5). Plaintiff first suggests the motion was combined with another request, proposing the pleading of an alternative answer combined with the motion moots the request. Plaintiff also argues the motion was filed with the Court without the first having the opportunity to correct the contentions raised by Defendant. Such technical claims are without merit.

Notably, Plaintiff makes no response to the substance of Defendant's Motion. There is no objection or counter to Defendant's pleading related to the prior suit, the nearly identical pleading, the involvement and knowledge of the Plaintiff's counsel, the information provided to counsel in discovery in the original action to suggest no claims, and the prior practice by Plaintiff in the original action.

Plaintiff further conveniently fails to acknowledge the instant Complaint was the result of having explicit notice without taking any curative steps whatsoever. This entire proceeding needed no additional notice of curative action because the first proceeding and subsequent dismissal exceeded the "safe harbor" period and clearly identified Defendant as an improper party that should not have been involved in the subsequent action. Notice was provided to Plaintiff in excess of 21 days, specifically including sworn, verified information on April 12, 2024 detailing "Defendant is an improper party to this action"; "Defendant had tendered the tractor to Novatranz Inc. pursuant to a lease agreement…"; "Defendant has no relationship with Defendant Gedi"; and other similar such statements. Defendant additionally engaged in email correspondence with Plaintiff's firm on May 12, 2025 advising the first lawsuit had been dismissed.[1] Instead of making any corrections to Plaintiff's pleading, the instant Complaint was filed and Defendant's resulting responsive pleading consisted of the Motion for Sanctions.

The "Addition to Reporter's Notes, 1997 Amendment" details the intent behind Ark. R. Civ. P. 11 (b), which is inconsistent with the technical argument raised by Plaintiff. According to the Notes, the requirement of a separate motion is to isolate the pleading to provide detail for the other attorney to have a basis for the request for the sanctions, "rather than simply be included as

---

[1] "Counsel should be expected to give informal notice to the other party, whether in person or by a letter of telephone call, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Ark. R. Civ. P. 11, Add'n to rep. n., 1997 Amend.

2

an additional prayer for relief in another motion." The Notes also describe the intent for providing notice to opposing counsel:

> The motion for sanctions is not to be filed until at least 21 days, **or other such period as the court may set**, after being served. If the alleged violation is corrected during this period, the motion should not be filed with the court. This provision is intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Ark. R. Civ. P. 11, Add'n to rep. n., 1997 Amend. (emphasis added). In the instant matter, Defendant respectfully requests the Court waive the safe harbor filing period given the procedural history of this case. Importantly, despite Plaintiff's objections, there has been no effort to revise, modify, or resolve the issues asserted in the pending motion since it was filed.

The comments to the substantially similar Federal Rules are likewise enlightening:

> The rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.

Fed. R. Civ. P. 11, Notes of Adv. Comm. on Rules, 1993 Amend., Subdivisions (b) and (c). This section addresses the same stance as the Arkansas Rules with regard to the intent of a separate motion and providing notice. *Id*. Further, the Court may, on its own initiative, pursue the issues raised by Defendant. *See, e.g.*, Fed. R. Civ. P. 11(c)(1) and (3).

Based on the alternative options to pursue the ultimate outcome suggested by Defendant, Plaintiff's response is without merit. Defendant respectfully requests its Motion be considered, granted, and for all other proper relief.

Respectfully submitted,

**TRACY LAW PLLC**
918 W. 6th Street
Little Rock, Arkansas 72201
501.712.5899
amytracy@tracypllc.com

By: _____
AMY L. TRACY, ABN 2010122

## CERTIFICATE OF SERVICE

I state that on this 8th day of July, a true and correct copy of the foregoing leading was served electronically via the Court's electronic case filing system to the following individual(s):

Mr. Lee D. Curry
**DASPIT LAW FIRM, PLLC**
124 W. Capitol Avenue, Suite 1820
Little Rock, Arkansas 72201
lcurry@daspitlaw.com
e-service@daspitlaw.com

_____
AMY L. TRACY

4