IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEONNA JOHNSON**                                                                                    **PLAINTIFF**

v.                                      Case No. 4:25-cv-00571 KGB

**MUHYADIN GEDI and**
**LOADEX LTD CO**                                                                                   **DEFENDANTS**

## INITIAL SCHEDULING ORDER

Pursuant to the initial appearance entered by defendants in this case, the following deadlines and proposals are in effect:

1. **RULE 26(f) CONFERENCE DEADLINE:**                              September 29, 2025

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

2. **RULE 26(f) REPORT DUE DATE:**                                        October 14, 2025

Consult FRCP 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed with the Clerk of the Court.

3. **PROPOSED TRIAL DATE:**                                                      July 13, 2026

The case will be scheduled for **JURY** Trial before United States District Judge Kristine G. Baker commencing at 9:00 a.m. sometime during the week as set for above in the Richard Sheppard Arnold United States Courthouse, Courtroom #4D, 500 West Capitol, Little Rock, Arkansas 72201.

4. **RULE 16(b) CONFERENCE:**                                            (Scheduled if needed)

A telephone conference will be scheduled within one week of the filing of the Rule 26(f) Report, if the parties request a conference or if the Court determines a conference is necessary, to resolve any conflicts among the parties with the proposed deadlines, proposed trial date, and other matters addressed in the Rule 26(f) Report. Attached is a proposed final scheduling order with proposed deadlines for the parties' consideration during the Rule 26(f) conference. Unless the parties object, the proposed scheduling order will become the Court's Final Scheduling Order and will be issued without a conference.

It will be the responsibility of the plaintiff to serve a copy of the Initial Scheduling Order on any defendant who makes an appearance after the Initial Scheduling Order has been filed. It

-2-

will be the responsibility of the party filing a new claim after the date of the Initial Scheduling Order to serve immediately a copy of the Initial Scheduling Order on any new defendant(s).

Dated:  Thursday, July 31, 2025

**AT THE DIRECTION OF THE COURT**
**TAMMY H. DOWNS, CLERK**


By  Tracy M. Washington
Courtroom Deputy

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEONNA JOHNSON**                                                                                    **PLAINTIFF**

**v.**                        **Case No**. **4:25-cv-00571 KGB**

**MUHYADIN GEDI and**
**LOADEX LTD CO**                                                                                    **DEFENDANTS**

## PROPOSED FINAL SCHEDULING ORDER

   Pursuant to Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.   TRIAL DATE**

This case is scheduled for **JURY** trial before United States District Judge Kristine G. Baker commencing at **9:00 a.m.** sometime during the week of **July 13, 2026**, in the Richard Sheppard Arnold United States Courthouse, Courtroom #4D, 500 West Capitol, Little Rock, Arkansas 72201.

Any trial conflicts indicated by the parties in their Rule 26(f) Report will be addressed closer to this trial date, if the conflict has not been resolved.

**2.   ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **January 20, 2026**.

**3.   DISCOVERY**

Discovery should be completed no later than **April 29, 2026**. The parties may conduct discovery beyond this date if all parties are in agreement to do so. The Court, however, will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of the discovery deadline set forth in this order to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute, in compliance with Local Rule 7.2. When a discovery motion is filed, a response should be filed promptly. A conference call will be scheduled to resolve such matters, if the Court deems it necessary.

4. **EXPERT DISCLOSURES AND REPORTS**

Case-in-chief expert disclosures, including reports, must be made by **February 13, 2026**.

Rebuttal expert disclosures, including reports, must be made by **March 16, 2026**.

These disclosures must be in writing, signed, and served.  They are not filed in the Clerk's Office.

5. **STATUS REPORT**

A status report must be filed with the Clerk's office on or before **May 14, 2026**.  The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

6. **MOTION DEADLINE**

All motions, except motions for class certification and motions *in limine*, must be filed on or before **May 14, 2026**.  Motions for summary judgment must comply with Federal Rules of Civil Procedure and Local Rules 7.2 and 56.1.

Motions filed pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), must be filed on or before **May 14, 2026**.  They shall not be filed as a motion *in limine*.

Pursuant to Local Rule 26.1, motions for class certification must be filed 90 days after the Rule 26(f) conference; therefore, any motions for class certification are due on or before **December 29, 2025**.

Motions *in limine* must be filed on or before **June 29, 2026** and responses must be filed seven (7) days thereafter.  Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) requires that, within fourteen (14) days from the date copies of a motion and supporting papers have been served, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities.  Any reply to a response to a motion must be filed within seven (7) days of service of the response.  The Court may or may not wait on the filing of a reply before ruling on the motion.

7. **SETTLEMENT CONFERENCE REQUEST**

All requests for a settlement conference must be made on or before **May 29, 2026**.

8. **PRETRIAL DISCLOSURE SHEET**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **June 22, 2026**.  That witnesses and exhibits must be

listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

Objections to opposing parties' pretrial disclosure sheets will be due on **June 29, 2026**.

9.   **TRIAL BRIEF**

All trial briefs must be filed no later than **June 22, 2026**.  Responding trial briefs must be filed no later than **June 29, 2026**.

10.   **DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **June 22, 2026**.  Counter-designations must be made by **June 29, 2026**.  These designations need not be filed with the Court but should be exchanged by the parties.

Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **July 3, 2026**, with the response due **July 8, 2026**.  Depositions to be read at trial must be marked as exhibits.

11.   **JURY INSTRUCTIONS AND STATEMENT OF CASE OR PROPOSED FINDINGS AND CONCLUSIONS**

For jury trials, the parties must confer regarding the proposed instructions and a verdict form in an attempt to narrow areas of disagreement.  The parties must submit an agreed set of instructions on specific issues in the case to the Court on or before **July 6, 2026**.  Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice Instructions (5th Edition), as applicable, should be used whenever possible, and the source of authority for the instruction should be noted at the end of each instruction.

A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and opposing counsel, setting out the disagreement.  Note the source of authority on the bottom of each proposed instruction.  Instructions must be electronically submitted in Word or WordPerfect format to kgbchambers@ared.uscourts.gov.

Each party must submit to the Court on or before **July 6, 2026** a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire and also any proposed voir dire questions it wishes the Court to pose to the panel.

12.   **STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy on or before **July 6, 2026.**

**13. INTRODUCTION OF EXHIBITS**

Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. Each party will provide to the Court three (3) copies of all exhibits, and each exhibit will be numbered for identification purposes. All exhibits must be listed in numerical sequence on the form available through the Court's website (See Court Forms - Civil Forms AO-187 Exhibit and Witness List). The lists must be submitted to the Courtroom Deputy thirty (30) minutes before the beginning of trial, with notations made on the Court's copy of the list noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

If you anticipate using electronic equipment during trial, you must notify the Courtroom Deputy prior to your trial date. If you wish to bring electronic devices to the courthouse for any proceeding, please note Amended General Order No. 54.

**14. CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Court Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Tracy Washington at 501-604-5424 or tracy_washington@ared.uscourts.gov to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise Ms. Washington immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

**Dated:** Thursday, July 31, 2025

                                                **AT THE DIRECTION OF THE COURT**
                                                **TAMMY H. DOWNS, CLERK**

                                                By:  Tracy M. Washington
                                                         Courtroom Deputy